HARRY A. GAIR et al., Respondents, *v.* DAVID W. PECK et al., Individually and as Justices of the Appellate Division of the Supreme Court of the State of New York in and for the First Judicial Department, Appellants.

Third Department, March 27, 1958.

*Louis J. Lefkowitz, Attorney-General (John R. Davison* and *James O. Moore, Jr.,* of counsel), for appellants.

*Howard Hilton Spellman (Samuel G. Fredman* and *Henry A. Weinstein* with him on the brief), for respondents.

*David Stein* and *Harry Cohen* for Bronx County Bar Association, *amicus curiæ*.

*Louis E. Schwartz* and *Louis M. Brass* for Brooklyn Bar Association, *amicus curiæ*.

*N. Le Van Haver* for Federation of Bar Associations of the Third Judicial District, *amicus curiæ*.

*Copal Mintz* for New York County Lawyers Association, *amicus curiæ*.

*Per Curiam.* The judgment appealed from declares invalid (except as to two subdivisions) rule 4 of the Special Rules Regulating the conduct of Attorneys and Counselors-at-Law in the First Judicial Department. The appeal comes to us by virtue of an order of that Appellate Division, made pursuant to section 618 of the Civil Practice Act. The plaintiffs are attorneys and counselors-at-law who have their respective offices in the First Judicial Department and are subject to and affected by the rule in question. The defendants constituted all of the Justices of the Supreme Court, Appellate Division, in the First Department, at the time this action was commenced.

The parties would define the issue as solely that of judicial power — specifically, the power of the Justices to adopt rule 4. As we have concluded that no power existed, the issue thus expressed becomes decisive in any event and we touch no other question.

Rule 4 was adopted to take effect January 1, 1957. It is headed: " Contingent Fees in Claims and Actions for Personal Injury and Wrongful Death." The first paragraph provides: " (a) In any claim or action for personal injury or wrongful death, whether determined by judgment or settlement, in which the compensation of claimant's or plaintiff's attorneys is contingent, that is, dependent in whole or in part upon the amount of the recovery, the receipt, retention or sharing by such attorneys, pursuant to agreement or otherwise, of compensation which is equal to or less than the fees scheduled below is deemed to be fair and reasonable. The receipt, retention or sharing of compensation which is in excess of such scheduled fees shall constitute the exaction of unreasonable and unconscionable compensation in violation of Canons 12 and 13 of the Canons of Professional Ethics of the New York State Bar Association, unless authorized by a written order of the court as hereinafter provided."

There follows, in subdivision " (b) ", the schedule so referred to which provides alternatives of (1) a sliding scale in terms of percentages of the sum recovered*; or (2) a percentage not exceeding 33⅓% of the sum recovered, "if the initial contractual arrangement between the client and the attorneys so provides ".

It is provided with respect to the schedule of compensation according to the sliding scale of percentages, but not as to the schedule permitting a fixed 33⅓% fee, that, upon notice to the client and any assignee or lienor of the recovery, the attorney may apply to the justice of the trial part to which the action has been sent, or to the justice of the Trial Term Calendar Part, if the action has not been sent to a trial part or if no action has been instituted, to fix compensation in a greater amount, upon a showing that the schedule will not, because of " extraordinary circumstances ", afford adequate compensation, provided, however that such greater amount shall not exceed the fee fixed pursuant to any contractual arrangement between the attorney and the client.

Subdivisions " (e) " and " (f) " of the rule provide for the service upon the client and the filing in the office of the clerk of the Appellate Division of a " closing statement " as to the contingent compensation received, retained or shared in any action subject to the rule. The statement is required to furnish rather detailed information as to the transaction. The validity of these subdivisions is not questioned and they have been excepted from the operative effect of the declaratory judgment. For the purpose of convenience, our references to " the rule " will connote only the portions of it which have been challenged and will not include the two subdivisions so excepted.

We think that the adoption and enforcement of the rule were and are inhibited by section 474 of the Judiciary Law. It is there provided, in part: " The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law ". This general provision is followed by an exception as to agreements for contingent compensation for the prosecution of claims belonging to infants and by detailed provisions for judicial determination of the amount of compensation in such cases. The Legislature

---

* The percentages fixed are: " (A) Fifty per cent. on the first one thousand dollars of the sum recovered, (B) Forty per cent. on the next two thousand dollars of the sum recovered, (C) Thirty-five per cent. on the next twenty-two thousand dollars of the sum recovered, (D) Twenty-five per cent. on any amount over twenty-five thousand dollars of the sum recovered ".

has, in effect, created many other exceptions to the general provision quoted, by providing for judicial supervision of attorney's compensation in certain specific cases.*

Viewed in broad aspect and in the light of its general impact, the rule seems clearly to restrain agreements for compensation. We do not consider that its effect is materially mitigated by the provision that application may be made for compensation in excess of the scheduled amount in "extraordinary circumstances". The compulsion and constraint remain. To say that freedom of contract remains unimpaired, when its exercise is under penalty of stigmatization and disciplinary measures, is to deny reality.

The rule-making power conferred upon the Justices of the Appellate Division in each department by section 83 of the Judiciary Law is insufficient, in our view, to support rule 4. The section provides the specific limitation that no rule may be adopted thereunder which will be "inconsistent with any statute or rule of civil practice."

Neither do we find in the definition of the disciplinary powers confided to the Supreme Court by subdivision 2 of section 90 of the Judiciary Law warrant for the adoption of the rule. The statutory authority thereby conferred is clearly to be exercised in the individual case and after the event. Similarly, canons 12 and 13 of the Canons of Professional Ethics of the New York State Bar Association, to which rule 4 refers, in setting up "guides in ascertaining the real value of the service" (canon 12) and recognizing the court's unquestioned right of "supervision" (canon 13) give equal emphasis to the requirement that the contingent fee contract be reasonable "under all the circumstances of the case" (canon 13).

The order and judgment should be affirmed, without costs.

Foster, P. J., Coon and Gibson, JJ., concur; Bergan, J., not voting.

Order and judgment affirmed, without costs.

---

* (See, e.g., Civ. Prac. Act, §§ 1169, 1373, 1514-a, 1548; Condemnation Law, § 16, subd. 2; Conservation Law, § 754; Debtor and Creditor Law, §§ 21, 276-a; Domestic Relations Law, § 120; General Business Law, § 100; Insurance Law, § 59-a, subd. 4; Judiciary Law, § 90, subd. 7; Public Officers Law, § 34; Real Property Law, § 122; Surrogate's Ct. Act, §§ 231-a, 279-a, 285.)